IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JUAN MANUEL ALBARADO, (TDCJ # 01452106), ANITA LOU GUAJARDO, and JUAN VICTOR ALBARADO, | § § § § § | |
| Plaintiffs, v. | § § § | CIVIL ACTION NO. 1:15-CV-220-P-BL |
| CITY OF ABILENE, TEXAS *et al.*, | § § | |
| Respondent. | § | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.

Plaintiff Juan Manuel Albarado, acting *pro se*, filed a handwritten "Complaint for Declaratory and Monetary Relief for Violation of Rights Under Color of Law." The complaint listed three plaintiffs, Juan Manuel Albarado, Anita Lou Guajardo, and Juan Victor Albarado. By Court Order entered December 7, 2015, plaintiff Juan Manuel Albarado was directed, in part, to provide the addresses of Plaintiffs Anita Lou Guajardo and Juan Victor Albarado, within twenty (20) days from the date of that order. The Order also provided that "[t]he failure to timely provide the addresses of Anita Lou Guajardo and Juan Victor Albarado shall result in the dismissal without prejudice of these two plaintiffs from the instant civil action." (doc. 9, at 4.) As of the date of this Order, no addresses have been provided, and Plaintiffs Anita Lou Guajardo and Juan Victor Albarado have not otherwise filed any document in this case.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiffs Anita Lou Guajardo and Juan Victor Albarado have not filed any documents in this case and no addresses have been provided for either of them, these two plaintiffs should be dismissed without prejudice.

## RECOMMENDATION

For the forgoing reasons, it is **RECOMMENDED** that all claims of Plaintiffs Anita Lou Guajardo and Juan Victor Albarado in this action be **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted

by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

SO ORDERED.

Signed January 21, 2016.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE