Case 1:15-cv-00220-O-BL   Document 18   Filed 03/18/16   Page 1 of 11   PageID 86



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JUAN MANUEL ALBARADO, (TDCJ # 01452106), | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:15-CV-220-P-BL |
| CITY OF ABILENE, TEXAS *et al.*, | § § | |
| Defendants. | § | Assigned to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. Based on the relevant filings and applicable law, the amended complaint should be **DISMISSED** as frivolous, and the motion for leave to amend should be **DENIED**.

**I. BACKGROUND**

Plaintiff Juan Manuel Albarado, acting *pro se*, filed a handwritten "Complaint for Declaratory and Monetary Relief for Violation of Rights Under Color of Law." The complaint listed three plaintiffs, Juan Manuel Albarado, Anita Lou Guajardo, and Juan Victor Albarado. By Court Order entered on February 17, 2016, Plaintiffs Anita Lou Guajardo and Juan Victor Albarado were dismissed under Federal Rule of Civil Procedure 41(b) for their failure to prosecute this action.

Remaining before the Court are the claims filed only by Plaintiff Juan Manuel Albarado. In compliance with a Court Order, Plaintiff filed an amended complaint with attachment pages on January 8, 2016. That pleading is subject to review under the statutory mandated screening provisions of 28 U.S.C. § 1915A and 1915(e)(2)(b). Thus, no process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III. APPLICATION OF *HECK V. HUMPHREY*

Plaintiff seeks relief under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

Plaintiff seeks declaratory type relief under § 1983 that the process by which he was detained and investigated as a minor, and then ultimately tried and convicted of a charge of murder as an adult, was in violation of his constitutional rights. Am. Compl. doc. 13 at 4, 6-7. Albarado's July 2007 murder conviction in Taylor County Texas, was affirmed by the Eleventh Court of Appeals of Texas. *Albarado v. Texas,* No. 11-07-00249-CR, 2009 WL 2055947 (Tex. App. Eastland, 2009, pet. ref'd.) The court of appeals summarized the following facts:

> Two different groups of people were a part of the backdrop that led up to this homicide.
>
> On the night before the murder, Albarado was smoking marihuana at Roxanne Zepeda's house. Later, he joined a group of people who had gathered at Melissa Castillo's house. The people were drinking and doing illegal drugs. Around 9:00 p.m. that evening, Albarado and Michael Santana made the decision to borrow a gun from a friend. Albarado testified that he and some of his friends had been the targets of a drive-by shooting earlier in the year; they wanted the gun for protection. They also had received threats. However, these friends and the prior event were not connected to the present offense. Albarado and Santana left, picked up a pistol-gripped shotgun, and returned to the others at Castillo's house. They loaded the gun with 00 buckshot and smoked some more marihuana. Castillo did not want the shotgun in the house, and she asked that it be taken outside. Albarado took the loaded shotgun outside and laid it on a rock. He continued to drink and use drugs.
>
> Later, sometime after midnight, some people drove by Castillo's house. Someone in the car was yelling for John Lopez, wanting him to come out and fight. In response, some of Albarado's group yelled back and also threw beer bottles at the car. The driver quickly drove away but returned and drove the vehicle around the block a number of times, eventually leaving the area.

> Ultimately, the victim and others went to Castillo's house, and a fight started between the two groups. The victim and Albarado, as well as others, were involved in the fight and were on opposite sides of the conflict. During the fight, Santana got the loaded shotgun from the rock and handed it to Albarado. Albarado fired the shotgun in the air, and people began to "scatter." He fired some shots into the grille on a vehicle that had been driven there. He continued to fire the shotgun in the direction of the people with whom his friends had been fighting but who were now fleeing. The victim was one of the ones who was fleeing as Albarado kept going toward the group, leaving a trail of empty shell casings as he went. The victim did not get away. Albarado shot him in the back. Forensic evidence showed that there were six different shotgun pellet wound sites on the victim's body. One of those six pellets penetrated his heart, and the victim later died from it. Albarado challenges his conviction in six points. In his first point, he basically alleges that the trial court erred when it instructed the jury regarding the mens rea applicable to these facts and this particular charge of murder. The grand jury returned a two-paragraph murder indictment against Albarado in which it charged, in the first paragraph, under Tex. Penal Code Ann. § 19 .02(b)(1) (Vernon 2003), that he intentionally and knowingly caused the victim's death by shooting him in the back and head with a deadly weapon. In the second paragraph, the grand jury, under Tex. Penal Code Ann. § 19.02(b)(2) (Vernon 2003), charged that Albarado "did then and there intentionally and knowingly, with intent to cause serious bodily injury ..., commit an act clearly dangerous to human life, ... thereby causing" the victim's death. The jury found Albarado guilty of the offense charged in Paragraph Two.

*Albarado,* 2009 WL 2055947, at *1.

Plaintiff has named as defendants Taylor County District Attorney James Eidson, Abilene Police Department Detective Debbie Glandon, and Juvenile Judge Robert Harper.[1] (doc. 13.) Plaintiff alleges that Abilene police executed an illegal and unauthorized custodial investigation of him in May 2005, after the gang violence recounted above. *Id.* at 4. Plaintiff complains of the on-site identification of him by other witnesses, he complains that he was detained and questioned without counsel, and was not taken to the Taylor County Juvenile Detention Center until many hours after his detention and questioning. *Id.*, at 6. He alleges that Detective Glandon was the officer in charge

---

[1] Although Plaintiff originally listed the City of Abilene, Texas and Taylor County, Texas in his original complaint, he dropped those defendants and any claims against these municipal parties in the amended complaint.

4

of the investigation, and responsible for his "illegal-custodial investigation." *Id.*, at 7. Plaintiff next alleges that at a hearing held under the provision of the Texas Family Code to determine if he could be tried as an adult, that the State acknowledged that during the initial investigation, all provisions of the Family Code were not followed. *Id.* Plaintiff alleges this amounted to a violation of his right to due process of law. *Id.* Plaintiff also alleges that Judge Harper admitted illegal testimony from Detective Glandon related to her questioning of him and the identification procedures. *Id.* Plaintiff also alleges that during the hearing under Texas Family Code § 54.02, the State introduced and relied upon police reports that were not made available to Plaintiff or his counsel. *Id.*, at 8. Plaintiff alleges that all of this amounted to an "illegal scheme between police, the prosecutor, and Judge Harper" to subject him to a "vindictive prosecution based on the illegal evidence seized during APD's unauthorized custodial investigation," because he was "indicted and convicted of murder with the illegal evidence and police testimony." *Id.*, at 8.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 486-87. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). "[T]he *Heck* determination depends on the nature of the offense and of the claim." *Arnold v. Slaughter*, 100 Fed. App'x. 321, 323 (5th Cir. June 14, 2004).

Plaintiff was convicted of murder and sentenced to thirty years confinement. (doc. 13, at 8); *See* http://publicaccess.taylorcountytexas.org/PublicAccess/CaseDetail.aspx?CaseID=16717497 (records of *Texas v. Albarado*, No. 15959-B). A ruling in favor of Plaintiff's multiple claims that the detective engaged in an illegal interrogation, that the prosecutor withheld reports, and his broader claims of a conspiracy between the police, prosecutor, and presiding judge, would necessarily imply the invalidity of his conviction. *See Williams v. City of Dallas Police Dept.*, No. 3-09-CV-275-P, 2009 WL 812239, at *3 (N.D. Tex. March 26, 2009). Plaintiff is therefore precluded from bringing all such claims in a civil rights action under 42 U.S.C. § 1983 unless the conviction has bee set aside. *See, e.g. Castellano v. Fragozo*, 352 F.3d 939, 959–60 (5th Cir.2003) (claims of manufactured evidence and perjured testimony do not accrue until state court dismisses underlying criminal action); *Berry v. Grett*, No. 3–08–CV–1052–M, 2008 WL 3382572 at *3 (N.D. Tex. Aug. 4, 2008) (civil rights claims of false arrest, ineffective assistance of counsel, that prosecutor withheld favorable evidence, and that judge was biased, all barred by *Heck*); *Sanford v. Hill*, No. 3–06–CV–2158–M, 2007 WL 646245 at *2 (N.D. Tex. Mar.2, 2007) (claims against district attorney and sheriff for malicious prosecution and false imprisonment arising out of pending criminal case barred by *Heck*); *Gilkey v. Graves*, No. 3–03–CV–0497–G, 2003 WL 21653858 at *1–2 (N.D. Tex. Apr.9, 2003) (claims against judge and others for conspiring to violate plaintiff's civil rights before and during criminal trial barred by *Heck*).

The Court observes that although Plaintiff challenges proceedings that began while he was a juvenile, and challenges the conduct of government officials taken under provisions of the Texas Family Code applicable to the juvenile court, he ultimately attacks his felony criminal conviction for murder in a Texas criminal district court. Thus, the Court does have not before it the question

of whether *Heck v. Humphrey* applies to a Texas juvenile court's adjudication.

Even if the Court must consider whether *Heck* applies with regard to Plaintiff's challenges to the arrest and detention procedures, the Court finds instructive the recent analysis of another district court facing the exact issue of whether *Heck v. Humphrey* applies to a juvenile court proceeding:

> The plaintiffs assert that Heck is inapplicable here and argues that in Mississippi a youth court adjudication does not rise to the level of a conviction. Section 43–21–561(5) of the Mississippi Code provides:
>
>> No adjudication upon the status of any child shall operate to impose any of the civil disabilities ordinarily imposed on an adult because of a criminal conviction, nor shall any child be deemed a criminal by reason of adjudication, nor shall that adjudication be deemed a conviction.
>
> Miss. Code § 43–21–561(5). To date, the Fifth Circuit has had no occasion to address the role and effect of Section 43–21–51(5) for *Heck* purposes; so this court has no binding authority to guide it on the issue. A number of courts in other circuits have addressed the issue in similar circumstances, however. Among them is an Arizona district court in the case of *Dominguez v. Shaw*, No. CV 10–01173–PHX–FJM, 2011 WL 4543901 (D. Ariz. Sept. 30, 2011). In Arizona, as in Mississippi, a juvenile court adjudication "shall not be deemed a conviction of crime." *Id.* at *2. The minor plaintiff in *Dominguez* was adjudicated a delinquent for resisting arrest and later brought a § 1983 action to recover for, inter alia, alleged false imprisonment and excessive force claims. *Id.* Citing a number of cases in which various courts applied *Heck* to juvenile adjudications, the *Dominguez* court recognized that Arizona (like Mississippi) treats a minor who has committed a crime differently than an adult who has committed the same crime, but the court found no reason why this distinction should extend to *Heck* analysis. *Id.* at *3. The court stated, "Whether the juvenile court's finding is labeled a conviction or an adjudication is, for *Heck* purposes, irrelevant." *Id.* This court finds accordingly.

*Bryant ex rel. Bryant v. City of Ripley, Miss.*, No.3:12-CV-037-B-A, 2015 WL 686032, at *3 (N.D. Miss. Feb. 18, 2015). The Court finds this authority persuasive to find that the *Heck v. Humphrey* applies to a review of all of Plaintiff's challenges brought under § 1983 in this case.

Because *Heck v. Humphrey* applies to Plaintiff's claims, in order to proceed with this civil rights case, he must demonstrate that his allegedly improper conviction has been reversed, invalidated, or expunged prior to bringing these claims under § 1983. Although Plaintiff has challenged his conviction on direct appeal and on a petition for discretionary review, through a state writ habeas corpus application under Texas Code of article 11.07, and through a petition for writ of mandamus, he has not obtained relief against his conviction. *Albarado,* 2009 WL 2055947, at *1-10; *Albarado v. State*, No. PD-1114-09 (Tex. Crim App. February 10, 2010), *available at* http://www.search.txcourts.gov/Case.aspx?cn=PD-1114-09&coa=cosca; *Ex parte Albarado,* WR-78,602-02 (Tex. Crim. App. December 16, 2015); *In re Albarado,* No.11-13-000033-CR, 2013 WL 600224, at *1 (Tex. App.--Eastland Feb. 7, 2013, no pet.) (mem op.). Because Plaintiff has failed to make a showing that his conviction has been set aside in the manner listed in *Heck v. Humphrey,* his claims under § 1983 are not cognizable at this time. The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996); *see also Edwards v. Balisok,* 520 U.S. 641, 649; *Boyd v. Biggers,* 31 F.3d 279, 283-84 (5th Cir. 1994).

## IV. MOTION FOR LEAVE TO AMEND

On January 25, 2016, Plaintiff filed a motion for leave to again amend his complaint after the Court allowed an amended complaint, to add additional claims to this case. Rule 15(a) of the Federal Rule of Civil Procedure 15(a) provides that a party may amend his pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). Otherwise, a "party may amend its pleading only with the opposing party's written consent or the court's leave" [and] [t]he court should freely give leave when

justice so requires." Fed. R. Civ. P. 15(a)(2). Determining when justice when "justice so requires" rests within the sound discretion of a district court. See *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982) (citations omitted). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a substantial reason to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp., et al.*, 3 F.3d 137, 139 (5th Cir. 1993).

Here, there are substantial reasons to deny the instant motion for leave to amend. First, as the Court has already determined that the existing claims are subject to dismissal, the addition of new claims would cause undue delay and prejudice to the existing defendants. Furthermore, Plaintiff's proposed amended claims have no relation to the claims already filed in this case. Plaintiff seeks to add claims that since he filed this case in 2015, he has been denied access to the unit law library and denied access to courts by officials at his present institution of confinement. (doc. 16.) Because the claims Albarado sees to add to this case are completely unrelated to the claims already asserted, and will be brought against new defendants, the Court should deny Plaintiff's motion for leave to amend, without prejudice to his filing of any such claims in a separate civil action. *See Dean v. Brandon*, No. 97-6201, 162 F.3d 1161, at *1 (6th Cir. Aug. 13, 1998) (holding that district court did not abuse its discretion to deny motion for leave to amend complaint "because [inmate-plaintiff]

Dean's proposed claims were simply not related to his original claims") ( citing *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)); *Sturdevant v. Haferman*, 798 F. Supp. 536, (E.D. Wis. 1992) (denying prisoner's motion to amend complaint where the claims he sought to add were substantially unrelated to the claims already amended).

## V. RECOMMENDATION

All Plaintiff's claims should be **DISMISSED WITH PREJUDICE** until the *Heck v. Humphrey* conditions are met,[2] under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(I) and (ii). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g). Plaintiff's motion for leave to amend should be **denied**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Findings, Conclusions, and Recommendation. A party who objects to any part of this report and recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United*

---

[2] *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

*Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds,* 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

SO ORDERED.

SIGNED March /8/ , 2016.

                                            E. SCOTT FROST
                                            UNITED STATES MAGISTRATE JUDGE